## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JULIE ANN EDDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-00975-SEP |
| | ) | |
| ARNOLD POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Julie Ann Eddy's application for leave to proceed without prepayment of fees and costs, Motion to Appoint Counsel, and Motion to Remove her Municipal Court Proceedings. Docs. [2], [3] and [5]. For the reasons set forth below, Plaintiff's Motion to Proceed *in Forma Pauperis* is granted, and her other motions are denied. Plaintiff will be required to file an amended complaint on a Court-provided form.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff filed the instant action against the Arnold Police Department and the City of Arnold, Missouri, pursuant to 42 U.S.C. § 1983. Doc. [1]. Plaintiff claims that her civil rights were violated in July 2024 when Arnold Police Officer Unknown Propost "trespassed" onto Plaintiff's property "without a warrant to obtain VIN numbers" from two vehicles in her driveway. Doc. [1] at 6; *see also* Doc. [3] at 6. Plaintiff claims that Officer Propost was attempting to see if her vehicles were properly licensed under Arnold's Ordinance 6.17.

On August 12, 2024, Plaintiff posted a "No Trespassing" sign at the edge of her property and placed a "For Sale" sign on her truck. Doc. [3] at 6. She asserts, however, that despite the "No Trespassing" sign, on January 7, 2025, Officer Unknown Zoellner "trespassed" onto her driveway, "without warrant or notice, conducted a search, and obtained VINs to seize [her] vehicles." Doc. [3] at 6. Plaintiff documented the incident by video. *Id*. She alleges that on February 21, 2025, Officer Zoellner returned to her property to issue two summonses for vehicle abandonment, "based solely on his prior illegal search." Doc. [1] at 5.

In the 110 pages of her Complaint and accompanying documents, Plaintiff appears to concede that the two vehicles parked in her driveway were unregistered and unlicensed. Nonetheless, she insists that City of Arnold employees cannot enter her driveway to ticket her for such unlicensed vehicles. Doc. [1] at 5. Plaintiff claims she has attempted to address this matter through communications with several members of the Arnold Police Department, both in person and in writing, to no avail. Doc. [1] at 7; *see also* Doc. [3] at 6-7.

According to a review of Missouri Case.Net, Plaintiff was charged with two citations in Arnold Municipal Court on February 24, 2025, based on the two Code Violations issued by Officer Zoellner. *See City of Arnold v. Eddy*, Nos. 230711701 and 230711702 (23rd Jud. Cir.,

Jefferson County Court).  The cases were assigned to Municipal Court Judge Stephen Hamby, and a bench trial was set in both cases for February of 2026.  *Id.*

Liberally construed, the Complaint alleges two unlawful searches and seizures in violation of Plaintiff's Fourth Amendment rights—first, on July 30, 2024, by Officer Propost, and then on January 7, 2025, by Officer Zoellner.  But only the City of Arnold and the Arnold Police Department are named as Defendants in this action—no individuals.

Plaintiff may also be seeking to have City of Arnold Ordinance 6.17, also known as § 385.070 Access to Abandoned Vehicles – Interference with City Agents, declared unconstitutional.[1]  Doc. [1] at 5; *see also* Doc. [3] at 9-11.  But Plaintiff fails to articulate any basis for the ordinance to be declared unconstitutional.

As relief, Plaintiff seeks dismissal of the Municipal Court actions against her, as well as compensatory and punitive damages.  Doc. [1] at 5-6; *see also* Doc. [3] at 12-13.

### DISCUSSION

Even with the benefit of a liberal construction, the Complaint in its current form cannot survive initial review under 28 U.S.C. § 1915(e)(2).  But in light of Plaintiff's *pro se* status, Court will give her the opportunity to amend it.

Plaintiff names as Defendants the City of Arnold and the Arnold Police Department.  Her claims against both of those entities fail.  The Arnold Police Department is not a suable entity under 42 U.S.C. § 1983.  *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming dismissal of county jail and sheriff's department because they are not suable entities).  And Plaintiff has not properly stated a Fourth Amendment claim for unlawful search and seizure against the City of Arnold.  In order to hold a municipality liable for a § 1983 violation, a plaintiff must allege that the municipality has committed a constitutional violation through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dept. of Soc. Servs. of the City of*

---

[1] City of Arnold Ordinance 6.17 states in relevant part:

    A.  No person shall deny access to a member of the Police Department or any authorized agent of the City to any property upon which is located an abandoned or derelict vehicle.

    B.  No person shall interfere with any member of the Police Department or any authorized agent of the City engaged in the removal of an abandoned or derelict vehicle.

*New York*, 436 U.S. 658, 690 (1978). Plaintiff has not indicated why she believes Ordinance 6.17, is unconstitutional; nor has she indicated whether she believes the statute is unconstitutional as applied to her or on its face. *See Citizens United v. Fed. Election Comm'n,* 558 U.S. 310, 331 (2010) (the distinction between as-applied and facial challenges "goes to the breadth of the remedy employed by the Court"). Accordingly, Plaintiff will be required to amend her Complaint on a Court-provided form.

**INSTRUCTIONS FOR AMENDING THE COMPLAINT**

An amended complaint will entirely replace the original Complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims that is not realleged in an amended complaint will be deemed abandoned. *See id.* Plaintiff must type or neatly print the amended complaint on the Court's Civil Rights Complaint Form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A).

In the "Caption" section of the form, Plaintiff should write the name of any defendant she intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must specify whether she sues each defendant in his official or individual capacity. Failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. Then, in separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting her claim against that defendant, and (2) state what constitutional or federal statutory right(s) that defendant violated. If Plaintiff is suing more than one defendant, she shall proceed similarly with each one, separately writing each defendant's name and, under that name, in numbered paragraphs, the allegations specific to that defendant and the right(s) that defendant violated. Plaintiff should avoid including unnecessary detail in the amended complaint. Plaintiff will have the opportunity to present evidence and argument in support of her claims if the case proceeds to the next stage of litigation.

If Plaintiff names a single defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, she may include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claims.

4

Plaintiff must allege facts explaining how each defendant was personally involved in or directly responsible for harming her. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each defendant sufficiently to provide notice to the Defendant regarding what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'").

### MOTION TO REMOVE MUNICIPAL COURT PROCEEDINGS

Simultaneously with the filing of her Complaint, Plaintiff moved to remove her municipal court proceedings to this Court, *see* Doc. [3]. That request is denied. A defendant may remove an action brought in a state court that could have originally been heard in a federal court. 28 U.S.C. § 1441(a). Because the municipal violation cases, *City of Arnold v. Eddy*, Nos. 230711701 and 230711702 (23rd Jud. Cir., Jefferson County Court), relate to whether Plaintiff violated City of Arnold Ordinance 6.17 and not to the statute's constitutionality, they could not have originally been brought in federal court. *See* 28 U.S.C. §§ 1331, 1332; *see also Georgia v. Rachel*, 384 U.S. 780, 800 (1966). Accordingly, they cannot now be removed.

### MOTION TO APPOINT COUNSEL

Plaintiff has also moved for appointment of counsel. Doc. [5]. That motion is denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* (quoting Phillips, 437 F.3d at 794).

On review of the factors, the Court finds that appointment of counsel is not warranted at this time.  Plaintiff has yet to file a complaint that survives initial review.  There is no indication that Plaintiff is unable to present her claims, and neither the factual nor the legal issues in this case appear to be especially complex.  Because the Court recognizes that circumstances may change, the motion is denied without prejudice, meaning that the Court might reconsider appointing counsel if it becomes appropriate as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a blank Civil Complaint form.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set forth above within 30 days of the date of this Order.  Any amended complaint will replace the original Complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remove her Municipal Court Proceedings, Doc. [3] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [5], is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's failure to timely comply with this Order may result in dismissal of this action, without prejudice and without further notice.

Dated this 11th day of December, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE